BARBARA I. ANTONUCCI (SBN 209039)
bantonucci@constangy.com
NATHAN K. NORIMOTO (SBN 334835)
nnorimoto@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
601 Montgomery Street, Suite 350
San Francisco, CA  94111
Telephone: (415) 918-3000

THY B. BUI (SBN 256383)
tbui@constangy.com
AARON M. RUTSCHMAN (SBN 288273)
arutschman@constangy.com
CONSTANGY, BROOKS, SMITH & PROPHETE LLP
2029 Century Park East, Suite 1100
Los Angeles, CA  90067
Telephone: (310) 909-7775

Attorneys for Defendants
EUROFINS DONOR & PRODUCT TESTING, INC. (f/k/a EUROFINS VRL, INC.)[1] AND EUROFINS NSC US, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONETTE ROCKYMORE,<br><br>　　　Plaintiff,<br><br>　　v.<br><br>EUROFINS VRL, INC., VRL-EUROFINS DENVER CORPORATE, VRL-EUROFINS PRE-TRANSPLANT TESTING, EUROFINS, EUROFINS NSC US, EUROFINS DPT SAN RAMON, BRENDEN O'NEALE, SARA DIONNE, ROHINI RATNAM, AND DOES 1 TO 100,<br><br>　　　Defendants. | Case No.: 3:22-cv-00176-WHO<br><br>**DEFENDANT EUROFINS DONOR & PRODUCT TESTING, INC.'S NOTICE OF MOTION AND MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>**[FRCP 54; LOCAL RULE 54-1]**<br><br>[Filed concurrently with Memorandum of Points and Authorities; Declarations of Thy B. Bui, Aaron M. Rutschman, and Nathan K. Norimoto; Exhibits; [Proposed] Order]<br><br>Date:　　　August 31, 2022<br>Time:　　　2:00 p.m.<br>Location:　Courtroom 2, 17th Floor<br><br>Complaint Filed: December 6, 2021<br>FAC Filed: May 10, 2022<br>Trial: Not Set |

---

[1] Erroneously named as VRL-Eurofins Denver-Corporate, VRL-Eurofins Pre-Transplant Testing, Eurofins, and Eurofins DPT San Ramon.

**TO THE CLERK OF THE ABOVE-ENTITLED COURT AND PLAINTIFF MONETTE ROCKYMORE AND HER ATTORNEYS OF RECORD:**

**NOTICE IS HEREBY GIVEN** that on August 31, 2022 at 2:00 p.m., or as soon thereafter as can be heard in the above-entitled Court, located at 450 Golden Gate Ave., San Francisco, CA 94102, before the Honorable William H. Orrick in Courtroom 2 on the 17th Floor, Defendant Eurofins Donor & Product Testing, Inc. ("Eurofins DPT") will and hereby does move and request that the Court award attorneys' fees and costs for its effort securing the dismissal with prejudice of its unincorporated business divisions, Defendants VRL-Eurofins Denver-Corporate, VRL-Eurofins Pre-Transplant Testing, Eurofins, and Eurofins DPT San Ramon (collectively the "Unincorporated DPT Divisions") pursuant to Rule 54(d)(1) and (2) of the Federal Rules of Civil Procedure, Local Rule 54-1, and California Government Code Section 12965.

This Motion is based on this Notice of Motion and Motion to Dismiss, the Memorandum of Points and Authorities filed herewith, the Declarations of Thy B. Bui, Aaron M. Rutschman, and Nathan K. Norimoto, and Exhibits thereto, the [Proposed] Order, the pleadings and papers on file herein, and upon such other evidence or argument as may be presented to the Court at the time of the hearing.

Dated: July 25, 2022

CONSTANGY, BROOKS, SMITH & PROPHETE LLP

By: */s/ Aaron M. Rutschman*
    Aaron M. Rutschman
    Attorney for Defendants
    EUROFINS DONOR & PRODUCT TESTING, INC.
    and EUROFINS NSC US, INC.

# **TABLE OF CONTENTS**

I.   INTRODUCTION ..................................................................................................................5

II.  PROCEDURAL HISTORY AND RELEVANT FACTUAL BACKGROUND .........................6

III. LEGAL ARGUMENT............................................................................................................9

   A.  Eurofins DPT Is Entitled to All Attorneys' Fees and Costs Defending the Unincorporated Divisions Because Plaintiff's Claims Against Them Were Meritless at the Outset of Litigation. .................................................................................9

   B.  Eurofins DPT Is Entitled to Attorneys' Fees and Costs Because Plaintiff Continued to Assert Her Claims Against the Unincorporated DPT Divisions After It Became Clear that Her Claims Against Them Were Meritless. .........................10

IV.  THE FEES AND COSTS REQUESTED ARE REASONABLE AND SHOULD BE AWARDED IN FULL............................................................................................................13

   A.  Eurofins DPT's Counsel's Rates Are Reasonable. ............................................................13

   B.  The Hours Expended by Eurofins DPT's Counsel Are Reasonable...............................15

   C.  Eurofins DPT's Costs Are Reasonable. ...........................................................................16

V.   CONCLUSION ....................................................................................................................17

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amedee Geothermal Venture I v. Lassen Mun. Util. Dist.*,
   8 F. Supp. 3d 1211 (E.D. Cal. 2014) ................................................................................... 9

*Amarel v. Connell*,
   102 F.3d 1494 (9th Cir. 1996) ............................................................................................. 9

*Bihun v. AT&T Info. Systems, Inc.*,
   13 Cal. App. 4th 976 (1993) .............................................................................................. 15

*Bond v. Pulsar Video Prods.*,
   50 Cal. App. 4th 918 (1996) .............................................................................................. 11

*Crane-McNab v. County of Merced*,
   773 F. Supp. 2d 861 (E.D. Cal. 2011) ................................................................................. 9

*Christiansberg Garment Co. v. EEOC*,
   434 U.S. 412 (1978) ........................................................................................................... 11

*Dumas v. New United Motor Mfg. Inc.*,
   No. C 05-4702 PJH, 2007 WL 1880377 (N.D. Cal. June 29, 2007) ................................ 13

*Guthrey v. State of Cal.*,
   63 Cal. App. 4th 1108 (1998) ............................................................................................ 13

*Hadley v. Krepel*,
   167 Cal. App. 3d 677 (1985) ............................................................................................. 15

*Harris v. Maricopa Cnty. Super. Ct.*,
   631 F.3d 963 (9th Cir. 2011) ............................................................................................... 9

*Hensley v. Eckerhart*,
   461 U.S. 424 (1983) ........................................................................................................... 13

*Horsford v. Bd. Of Trustees of Cal. State Univ.*,
   132 Cal. App. 4th 359 (2005) ............................................................................................ 15

*Jones v. Wild Oats Mkts., Inc.*,
   467 F. Supp. 2d 1004 (S.D. Cal. 2006) ............................................................................. 10

*Neitzke v. Williams*,
   490 U.S. 319 (1989) ............................................................................................................. 9

*Passantino v. Johnson & Johnson Consumer Prod., Inc.*,
   212 F.3d 493 (9th Cir. 2000) ............................................................................................. 13

*Peak-Las Positas Partners v. Bollag*,
   172 Cal. App. 4th 101 (2009) ................................................................................................15

*Peters v. Winco Foods, Inc.*,
   320 F. Supp. 2d 1035 (E.D. Cal. 2004)..................................................................................11

*Robert v. Stanford University*,
   224 Cal. App. 4th 67 (2014) ....................................................................................................9

*Russell v. Foglio*,
   160 Cal. App. 4th 653 (2008) ................................................................................................15

*Saret-Cook v. Gilbert, Kelly, Crowley & Jennett*,
   74 Cal. App. 4th 1211 (1999) ................................................................................................10

*Save Our Valley v. Sound Transit*,
   335 F.3d 932 (9th Cir. 1999) ...................................................................................................9

*Sorenson v. Mink*,
   239 F.3d 1140 (9th Cir. 2001) ...............................................................................................14

*Stanley v. Univ. of S. Cal.*,
   178 F.3d 1069 (9th Cir. 1999) .................................................................................................9

*Van Gerwen v. Guar. Mut. Life Co.*,
   214 F.3d 1041 (9th Cir. 200) .................................................................................................13

*Villanueva v. City of Colton*,
   160 Cal. App. 4th 1188 (2008) ..............................................................................................10

**Statutes**

Cal. Gov't Code § 12965(c)(6)..........................................................................................................9

**Court Rules**

Fed. R. Civ. P. 41(a)(1)...........................................................................................................5, 8, 12

Fed. R. Civ. P. 54........................................................................................................................9, 16

Civil Local Rule 54-5.....................................................................................................................16

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendants VRL-Eurofins Denver-Corporate, VRL-Eurofins Pre-Transplant Testing, Eurofins DPT San Ramon, and Eurofins (collectively the "Unincorporated DPT Divisions") are prevailing parties in this litigation following this Court's Order dismissing them with prejudice. (*See* Order [ECF No. 38].) From the outset, Plaintiff Monette Rockymore had no basis in law or fact to prove any one of her claims against them because they are merely unincorporated business divisions of her former employer, Defendant Eurofins Donor & Product Testing, Inc. ("Eurofins DPT"). Plaintiff's counsel was repeatedly informed of this information—by way of Defendants' removal, Defendants' opposition to Plaintiff's motion for remand and this Court's Order denying her remand motion, and Defendants' motion to dismiss her First Amended Complaint ("FAC")—but she persisted nonetheless.

Even after this Court expressly noted in its Order denying remand that Plaintiff "has no evidence to dispute—that these entities are simply unincorporated divisions of the other entities," Plaintiff's counsel merely copied and pasted the same allegations from her initial Complaint into her FAC in a frivolous attempt to maintain the Unincorporated DPT Divisions as parties to this lawsuit. (*See* Order [ECF No. 30]; FAC ¶¶ 2, 4.) Then, recognizing she had no legitimate basis to oppose Defendants' request for the dismissal of these unincorporated divisions, Plaintiff's counsel cobbled together a proposed stipulation to dismiss them. Plaintiff's proposed stipulation included unreasonable terms, however, including a tolling provision that would essentially give her the right to bring back these unincorporated divisions and a provision that Defendants' counsel would never reference them. As a result, the Parties never agreed to a stipulation before this Court dismissed the Unincorporated DPT Divisions with prejudice on July 11, 2022. Plaintiff's counsel also could have unilaterally dismissed these unincorporated divisions ***at any time prior***, but for reasons unexplained and now irrelevant, chose not to. *See* Fed. R. Civ. P. 41(a)(1).

As detailed below, Plaintiff and her counsel disregarded early opportunities to resolve this baseless lawsuit as to the Unincorporated DPT Divisions. They are now prevailing parties and Eurofins DPT is entitled to recover its attorney's fees and costs after being compelled to expend its time and resources to have these unincorporated divisions dismissed from this case.

## II. PROCEDURAL HISTORY AND RELEVANT FACTUAL BACKGROUND

On December 6, 2021, Plaintiff filed her kitchen-sink Complaint in the Contra Costa Superior Court alleging twelve (12) claims against nine (9) defendants stemming from her former employment with Eurofins DPT. The Complaint alleges, without any basis, that the Unincorporated DPT Divisions also employed Plaintiff and that they are authorized to do business in California (*See* Compl. [ECF No. 1, Ex. 2] ¶¶ 2, 4.) Plaintiff did not allege the form of corporate organization, state of incorporation, or principal place of business for any of the Unincorporated DPT Divisions. (*Id.*)

In December 2021, Plaintiff served voluminous state court discovery on all named entity defendants. (Declaration of Aaron M. Rutschman ["Rutschman Decl."] ¶ 5(a.).) In response, on January 26, 2022, Defendants' counsel informed Plaintiff's counsel that Plaintiff's state court discovery was ineffective following Defendants' removal of this case to federal court (see below). (Rutschman Decl. ¶ 5(a.), Ex. B.) In addition, Defendants' counsel expressly informed Plaintiff's counsel that Defendants VRL-Eurofins Denver-Corporate, VRL-Eurofins Pre-Transplant Testing, Eurofins DPT San Ramon, and Eurofins (the "Unincorporated DPT Divisions") are simply "various unincorporated business division that are part of Eurofins DPT." (*Id.*)

On January 11, 2022, Defendants removed this case to this Court on the basis of diversity jurisdiction. (*See* Not. of Removal [ECF No. 1].) Defendants submitted the Declaration of Dolci Morgan in support of removal, which confirms that only Eurofins DPT previously employed Plaintiff. (*See* Morgan Decl. [ECF No. 1-1] ¶ 3.) The removal also explains that the Unincorporated DPT Divisions should be disregarded for purposes of determining jurisdiction "because they are not independent entities..." (*See* Not. of Removal [ECF No. 1] at p. 7:11-13.) The removal further noted that "[n]one of the [Unincorporated DPT Divisions] are: (1) "registered with the California Secretary of State as a corporation, limited partnership, or limited liability company"; or (2) "listed as separately-organized subsidiaries of…the parent organization to [Eurofins DPT]." (*Id.*)

On January 27, 2022, Plaintiff's counsel inquired if Defendants' counsel would stipulate to a remand to state court. (Rutschman Decl. ¶ 5(b.), Ex. C.) Defendants' counsel declined and provided case authority that supported Defendants' position, among others, that the Unincorporated DPT Divisions shared the same corporate citizenship as the entity from which they are derived, *i.e.* Eurofins

1  DPT, a diverse defendant. (*Id.*, ¶ 5(c.).) Still, on February 10, 2022, in an unsupported effort to get this
2  case back to state court, Plaintiff's counsel filed a motion to remand. (*See* Mot. for Remand [ECF No.
3  21].) In the remand motion, Plaintiff's counsel simply disregarded the directly on point case authority
4  Defendants' counsel provided during meet and confer efforts, and argued in conclusory fashion that the
5  Unincorporated DPT Divisions "indirectly and directly employed [her]" and that they were non-diverse
6  (*i.e.* California) citizens. (*Id.* at pp. 2:1-16; 8:3-15; 16:5-20.)

7        In opposing Plaintiff's remand motion, Defendants pointed out that Plaintiff failed to:
8  (1) address the controlling authority that the Unincorporated DPT Divisions share the same corporate
9  citizenship as Eurofins DPT, and are therefore diverse; and (2) support her theories that these
10 unincorporated divisions employed her in some fashion. (*See* Opp. to Remand Mot. [ECF No. 24].)
11 The supporting Declaration of Kelly Kiousis cemented the fact that none of the Unincorporated DPT
12 Divisions "are organized in any corporate form and have thus never had any employees. As a result,
13 they never employed Plaintiff…" (*See* Kiousis Decl. [ECF No. 24-1] ¶ 5.)

14       On April 20, 2022, this Court denied Plaintiff's motion to remand. (*See* Order [ECF No. 30].)
15 With regard to the Unincorporated DPT Divisions, this Court expressly noted:

> "[T]he defendants have shown—and Rockymore has no evidence to dispute—that these entities are simply unincorporated divisions of the other entities (not, for instance, subsidiaries that are themselves incorporated)…In this Circuit, a 'division of a corporation does not possess the formal separateness upon which the general rule is based, ***and thus is not an independent entity for jurisdictional purposes***."

20 (*Id.*) (bold and italics added). Yet, <u>even in the face of this Order</u>, on May 10, 2022, Plaintiff filed her
21 FAC and again named the Unincorporated DPT Divisions as defendants on the basis of the same,
22 insufficient allegations regurgitated from her initial Complaint. (*See* FAC [ECF No. 32] ¶¶ 2, 4.)

23       Accordingly, on May 24, 2022, Defendants filed a partial motion to dismiss Plaintiff's FAC,
24 and requested, among other things, that the Unincorporated DPT Divisions be dismissed with prejudice
25 based on Plaintiff's continued inability to allege facts that they are something other than unincorporated
26 divisions of Eurofins DPT. (*See* Mot. to Dismiss FAC [ECF No. 33] at p. 8:13-9:4.) <u>Plaintiff never
27 addressed this point in her Opposition</u>. Instead, on June 7, 2022, the same day Plaintiff filed her
28 Opposition, Plaintiff's counsel proposed a stipulation for the dismissal of the Unincorporated DPT

Divisions and informed this Court of ongoing "meet and confer efforts" in a footnote. (*See* Rutschman Decl. ¶ 5(d.); Pl.'s Opp. [ECF No. 35] at 7, n.1.) Plaintiff's counsel insisted on terms that were not agreeable to Defendants' counsel, including a tolling provision that would essentially give Plaintiff the right to bring back these unincorporated divisions and that Defendants' counsel could never reference them in this litigation. (Rutschman Decl. at ¶ 5(e.) and (f.), Ex. D.) Defendants' counsel warned Plaintiff's counsel that "[w]e are confident our [motion to dismiss] will result in the dismissal of [the Unincorporated DPT Divisions]" but Plaintiff's counsel waited too long to remove disagreeable terms from the stipulation. (*Id.* at ¶ 5 (f.).) As a result, the parties never finalized any stipulation and this Court dismissed the Unincorporated DPT Divisions with prejudice on July 11, 2022. (*Id.* ¶ 5 (f.); Order [ECF No. 38].) Plaintiff also did not unilaterally dismiss these unincorporated divisions before this Court issued its ruling, <u>which she always had the ability to do</u> given that the unincorporated divisions never filed an answer or a summary judgment motion in this case. *See* Fed. R. Civ. P. 41(a)(1).

In dismissing the Unincorporated DPT Divisions with prejudice, this Court expressly stated:

> "Rockymore has shown no legal basis to be able to sue an entity that does not have any independent legal status. Corporations are proper defendants; unincorporated divisions of them are simply that—parts of them. *Cf. Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994) (so holding for jurisdictional purposes). ***And Rockymore's failure to substantively engage with the argument warrants dismissal anyway***."

(*See* Order [ECF No. 38] at 5.) This Court's Order confirmed the frivolous, unreasonable, and groundless nature of Plaintiff efforts to keep the Unincorporated DPT Divisions in this action. Shortly after this Court issued its Order, and desperate to avoid the consequences of his actions, Plaintiff's counsel then threatened to unilaterally file a stipulation for the dismissal of the Unincorporated DPT Divisions that Defendants had not agreed to. (Rutschman Decl. ¶ 5(e.), Ex. E.) Defendants' counsel confirmed that no stipulation had been agreed to, the Court had already dismissed the unincorporated divisions with prejudice, and that Plaintiff did not have Defendants' agreement to file any form of the stipulation Plaintiff had proposed. (*Id.* ¶ 5(g.), Ex. F.)

On July 12, 2022, Defendants' counsel conferred with Plaintiff's counsel about various outstanding discovery issues in this case as well as Eurofins DPT's anticipated motion for fees and costs for its efforts securing the dismissal of the Unincorporated DPT Divisions. (Rutschman Decl. ¶6.)

In response, Plaintiff's counsel contended that such a motion would not be successful and pointed out that he was not the initial associate from his firm handling this case, and that he could not speak to the prior associate's refusal to dismiss these unincorporated divisions earlier on in this case. (*Id.*)

### III. LEGAL ARGUMENT

Ninth Circuit precedent interprets Rule 54(d) to create a presumption in favor of awarding costs to the prevailing party ("the presumption"). *Amedee Geothermal Venture I v. Lassen Mun. Util. Dist.*, 8 F. Supp. 3d 1211, 1214 (E.D. Cal. 2014) (*citing Amarel v. Connell*, 102 F.3d 1494, 1523 (9th Cir. 1996); *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944–45 (9th Cir. 2003); *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1079 (9th Cir. 1999)). However, a statute that forms the basis of the action and that expressly governs attorney's fees and costs will supplant the presumption. Fed. R. Civ. P. 54(d).

**A. Eurofins DPT Is Entitled to All Attorneys' Fees and Costs Defending the Unincorporated Divisions Because Plaintiff's Claims Against Them Were Meritless at the Outset of Litigation.**

Under the Fair Employment and Housing Act ("FEHA"), a prevailing defendant is entitled to a reasonable attorney's fees, including litigation expenses and costs where the plaintiff's action was frivolous, unreasonable, or without foundation. *See* Cal. Gov't Code § 12965(c)(6) ("the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs …" upon a finding that "the action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so.") A claim is frivolous if "it lacks an arguable basis in either law or fact." *Amedee Geothermal Venture I*, 8 F.Supp.3d at 1214 (*citing Neitzke v. Williams*, 490 U.S. 319, 325 (1989)); *Harris v. Maricopa Cnty. Super. Ct.*, 631 F.3d 963, 971 (9th Cir. 2011) (stating that a prevailing defendant's recovery of attorney's fees turns on whether those fees were "incurred solely by virtue of the need to defend against frivolous claims").

Thus, a prevailing defendant is entitled to recover attorney's fees where the plaintiff offers evidence that has "no basis in fact" or "arguments (that) are wholly without merit." *Crane-McNab v. County of Merced*, 773 F. Supp. 2d 861, 881 (E.D. Cal. 2011) (awarding prevailing defendant attorney's fees because "no facts supported a finding in plaintiff's favor"); *Robert v. Stanford University*, 224 Cal. App. 4th 67, 72 (2014) (affirming award of attorney's fees to prevailing defendant

as plaintiff "never identified any evidence other than his own testimony that might support his FEHA cause of action"); *Villanueva v. City of Colton*, 160 Cal. App. 4th 1188, 1200 (2008) (upholding award of attorney's fees to prevailing employer because employee's declaration and related exhibits "once stripped of argument, conjecture, and other inadmissible content" left "no evidence, substantial or otherwise, to support the claims advanced"); *Saret-Cook v. Gilbert, Kelly, Crowley & Jennett*, 74 Cal. App. 4th 1211, 1229 (1999) (attorneys' fees awarded to prevailing defendant employer on plaintiff's FEHA claims where "[a]t no time did this action ever have a factual basis").

Since its inception, Plaintiff has had no "arguable basis" in fact or law to assert or attempt to maintain claims against the Unincorporated DPT Divisions. A cursory search of the California Secretary of State website would have revealed *before* Plaintiff even filed her initial Complaint that none of the Unincorporated DPT Divisions are registered with the Secretary of State or authorized to do business in California. Plaintiff's allegations to the contrary in her Complaint were thus unsupported from the moment it was filed on December 6, 2021. Defendants then noted this reality in their removal to federal court, which Plaintiff's counsel disregarded during subsequent meet and confer efforts and when she filed for remand without offering a shred of evidence that the Unincorporated DPT Divisions are legal entities subject to suit. (*See* Not. of Removal [ECF No. 1] ¶ 12, Ex. 17; Mot. to Remand [ECF No. 21] at 13-15.) Nor did Plaintiff have any basis to allege that these unincorporated divisions employed her at any time. Nevertheless, Plaintiff and her counsel chose to bring her kitchen-sink lawsuit against as many named defendants as possible, including the Unincorporated DPT Divisions, apparently with the hopes of muddying the waters, defeating diversity, and keeping this case in state court. Accordingly, awarding attorney's fees and costs for being forced to engage in significant litigation to secure the dismissal of these unincorporated business divisions, when Plaintiff's decision to name them in the first place was frivolous and entirely unsupported, is appropriate.

### B. Eurofins DPT Is Entitled to Attorneys' Fees and Costs Because Plaintiff Continued to Assert Her Claims Against the Unincorporated DPT Divisions After It Became Clear that Her Claims Against Them Were Meritless.

Even if a plaintiff was "unaware at the commencement of the suit that the claim (was) frivolous," a plaintiff may be liable for attorney's fees where she "continues to litigate after it becomes clear that the action lacks factual substance." *Jones v. Wild Oats Mkts., Inc.*, 467 F. Supp. 2d 1004,

1007 (S.D. Cal. 2006) (awarding prevailing defendant attorney's fees where "Plaintiff wholly failed to submit evidence in support of her claims" and Plaintiff's counsel "knew that (a particular) claim entirely lacked merit" at the onset of litigation); *Peters v. Winco Foods, Inc.*, 320 F. Supp. 2d 1035, 1040-1041 (E.D. Cal. 2004) (awarding prevailing defendant 60% of its attorney's fees upon finding that "three of the five claims pursued at summary judgment were patently frivolous").

To that end, courts grant prevailing defendants' attorney's fees motions to discourage litigation that undermines the FEHA and other statutory objectives "by instead focusing public attention on the injustices suffered by defendants forced to expend large sums to mount defenses to groundless or hyper-technical claims." *Peters*, 320 F. Supp. 2d at 1040–41. The same holds true even where a plaintiff does not bring her action in "subjective bad faith." *Bond v. Pulsar Video Prods.*, 50 Cal. App. 4th 918, 922 (1996) (awarding prevailing employer attorney's fees because it found the employee's FEHA action meritless but not necessarily in bad faith) (*citing Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978)).

Here, Plaintiff should be held liable for Eurofins DPT's attorney's fees and costs incurred in securing the dismissal of the Unincorporated DPT Divisions with prejudice because she quickly and repeatedly learned in this lawsuit that she had no basis to maintain her claims against them but persisted anyway. After Plaintiff filed her initial Complaint, Plaintiff's counsel was informed on at least *seven* separate occasions that the Unincorporated DPT Divisions are merely unincorporated divisions of Eurofins DPT and not legal entities subject to suit. (*See* **(1)**: Notice of Removal [ECF No. 1] ¶ 12.d; **(2)** meet and confer efforts regarding Plaintiff's ineffective state court discovery (Rutschman Decl. ¶ 5(a.), Ex. B.); **(3)** meet and confer efforts regarding Plaintiff's proposed stipulation for remand (Rutschman Decl. ¶ 5(b.)-(c.); **(4)**: Defendants' Opposition to Plaintiff's Motion to Remand [ECF No. 24] at 6-7 and supporting Declaration of Kelly Kiousis [ECF No. 24-1] ¶ 5; **(5)** this Court's Order denying Plaintiff motion to remand [ECF No. 30]; **(6)** motion to dismiss Plaintiff's FAC [ECF No. 33] at 8-9, 11-12; and **(7)** Defendants' reply brief in support of motion to dismiss Plaintiff's FAC [ECF No. 36] at 12.)

Most notably, this Court expressly informed Plaintiff and her counsel that Defendants had "shown—and Rockymore has no evidence to dispute—that [the Unincorporated DPT Divisions] are

11

simply unincorporated divisions of the other entities…" and that her claims could not be maintained against them accordingly. (*See* Order [ECF No. 30].) Astonishingly, Plaintiff disregarded this Court's guidance, and copied and pasted the very same allegations from her Complaint in her FAC in a misguided attempt to maintain the Unincorporated DPT Divisions as parties to this lawsuit. (*See* FAC [ECF No. 32] ¶¶ 2, 4.) Plaintiff's counsel forced Defendants to file a motion to dismiss the Unincorporated DPT Division from the FAC and only pivoted at the last minute when he realized he has no basis oppose Defendants' request. But, Defendants never agreed to Plaintiff's counsel's proposed stipulation because of his insistence on unreasonable terms, including a baseless tolling provision and that the unincorporated divisions never be referenced in this lawsuit. (Rutschman Decl. ¶5(d.)-(g.), Exs. D-F.) At the same time, and as noted by this Court, Plaintiff's opposition to Defendants' motion to dismiss utterly failed to address the Unincorporated DPT Divisions[2], a tacit admission that Plaintiff knew she never had any reasonable basis to try to keep them in this case. Plaintiff's counsel will likely argue that a stipulation for the dismissal of these unincorporated divisions was agreed to in principle (which is not true), but Plaintiff's counsel also could have voluntarily dismissed the Unincorporated DPT Divisions *at any time*, but for reasons unexplained and now irrelevant, chose not to. *See* Fed. R. Civ. P. 41(a)(1).

As a result, this Court dismissed the Unincorporated DPT Divisions <u>with prejudice</u> on July 11, 2022. Recognizing that Plaintiff was now liable for attorney's fees and costs, Plaintiff's counsel then unreasonably threatened to unilaterally file a stipulation for the dismissal of these unincorporated business divisions with a waiver of fees and costs without Defendants' counsel's consent. (Rutschman Decl. ¶ 5(f.), Ex. E.) After wholly ignoring repeated opportunities to dismiss the Unincorporated DPT Divisions from this case, Plaintiff's counsel threat to unilaterally file an unapproved stipulation *after* this Court had already dismissed the unincorporated divisions with prejudice is tantamount to an admission that Plaintiff's counsel knew there was no support for Plaintiff's efforts to keep them in this case.

---

[2] This Court noted Plaintiff's glaring omission when it observed, "Rockymore's opposition brief did not address this issue except to say that she 'has initiated a meet and confer effort regarding the dismissal of' the Divisional Defendants and that she is 'optimistic' it would be completed before the reply brief was filed." (Order [ECF No. 38] at 5 citing Pl.'s Opp. [ECF No. 35] at 7, n.1.)

Accordingly, Eurofins DPT is entitled to an award of its attorney's fees for being "forced to expend large sums to mount defenses to groundless" claims on behalf of the Unincorporated DPT Divisions. *See Dumas v. New United Motor Mfg. Inc.*, No. C 05-4702 PJH, 2007 WL 1880377, at *4 (N.D. Cal. June 29, 2007) (Hamilton, J.) (awarding attorneys' fees where plaintiff had not "pointed to one shred of evidence that supports any of his claims" and it was "impossible for the court to find that plaintiff's claims were not baseless in light of his utter failure to provide any evidence to support such a finding"); *Guthrey v. State of Cal.*, 63 Cal. App. 4th 1108, 1111 (1998) (affirming decision to award attorneys' fees pursuant to Section 12965 where "there [was] absolutely no evidence in the record that we could find which supports a finding that" the plaintiff could establish even a *prima facie* case for his claims).

### IV. THE FEES AND COSTS REQUESTED ARE REASONABLE AND SHOULD BE AWARDED IN FULL.

This Court has broad authority to determine the amount of a reasonable award of fees and costs. *Passantino v. Johnson & Johnson Consumer Prod., Inc.,* 212 F.3d 493, 518 (9th Cir. 2000) (refusing to "second-guess" district court's award of attorney's fees). To "determine[e] an appropriate fee under both California and federal law, the court begins by calculating the lodestar, or, 'the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate.'" *Dumas v. New United Motor Mfg. Inc.*, 2007 WL 1880377, at *2 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The party seeking fees bears the burden of submitting evidence to support the hours worked and rates claimed. *Van Gerwen v. Guar. Mut. Life Co.*, 214 F.3d 1041, 1045 (9th Cir. 200).

In this case, the hourly rates and time expended by Eurofins DPT's counsel to defeat Plaintiff's attempt to keep the Unincorporated DPT Divisions as named defendants are reasonable, and therefore, the fee request should be granted in full.

#### A. Eurofins DPT's Counsel's Rates Are Reasonable.

A reasonable hourly rate is one that is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001). Based on their skill, experience, and reputation, the hourly discounted rates charged for Eurofins DPT's attorneys—$450 for partner Thy B. Bui $450 for Senior

Counsel Aaron M. Rutschman, and $319 per hour for associate Nathan Norimoto—are reasonable:

- **Thy B. Bui** has served as lead counsel for Defendants from the start of this litigation. A partner in Constangy, Brooks, Smith, & Prophete's ("Constangy") Los Angeles office, Ms. Bui is a preeminent employment attorneys with a broad range of experience defending various lawsuits for the past 15 years. After Constangy elevated her to partner in 2019, the firm elevated her again to equity partner in 2022, which is the shortest amount of time required for an equity partner elevation at the firm. Ms. Bui has been recognized since 2015 by Super Lawyers as a "Rising Star" and one of the top 50 women and top 100 lawyers for this category in Los Angeles since 2020. The National Asian Pacific American Bar Association also named her one of its "Best Under 40" in 2020. (*See* Declaration of Thy B. Bui ["Bui Decl."] ¶ 2.)

- **Aaron M. Rutschman**, a Constangy Senior Counsel with more than 9 years of employment litigation experience, graduated from UCLA School of Law in 2012. He was recognized from 2020 – 2022 by Super Lawyers as a "Rising Star" and in the 2021 and 2022 edition of "Best Lawyers: Ones to Watch!" His practice focuses on defending single plaintiff employment matters of all varieties. (*See* Declaration of Aaron M. Rutschman ["Rutschman Decl."] ¶2.)

- **Nathan K. Norimoto**, a Constangy attorney with 2 years of employment litigation experience, graduated from UC Hastings School of Law in 2020. His practice also focuses on defending single plaintiff employment matters of all varieties. (*See* Declaration of Nathan K. Norimoto ["Norimoto Decl."] ¶2.)

Constangy charged Eurofins DPT the above-cited, negotiated hourly rates of $450 per hour for Ms. Bui and Mr. Rutschman, which represent a significant discount on Ms. Bui's and Mr. Rutschman's standard billing rates of $545 and $495, respectively. (Bui Decl. ¶ 3; Rutschman Decl. ¶3.) Constangy charged Eurofins DPT the negotiated hourly rate of $319 per hour for Mr. Norimoto, discounted from his standard rate of $355. (Norimoto Decl. ¶ 3.) The discounted hourly rates are well within the range of rates charged by similar experienced attorneys in Southern California. In light of this information, the Court should find the hourly rates charged by Eurofins DPT's counsel for this matter are more than reasonable and should be used to calculate the amount of fees to which Eurofins DPT is entitled. *See Bihun v. AT&T Info. Systems, Inc.*, 13 Cal. App. 4th 976, 997–98 (1993) ($450 rate was reasonable,

14

although "at the high end"); *Russell v. Foglio*, 160 Cal. App. 4th 653, 661–62 (2008) (upholding $300 hourly rate for third-year associate who graduated from unaccredited law school).

### B. The Hours Expended by Eurofins DPT's Counsel Are Reasonable.

Defendants' counsel spent a reasonable amount of time defeating Plaintiff's attempts to maintain this lawsuit against the Unincorporated DPT Divisions.

First, the bulk of the fees stem from hours billed by Mr. Rutschman, a Senior Counsel, and Mr. Norimoto, an Associate, who were primarily responsible for research, meet and confer efforts, Defendants' opposition to Plaintiff's remand motion, arguing Plaintiff's remand motion at hearing, Defendants' motion to dismiss the FAC, and initially drafting this Fee Motion, which was more efficient than Ms. Bui and Mr. Rutschman performing this same work at their higher hourly rates. (Rutschman Decl. ¶ 2; Norimoto Decl. ¶ 2.) Ms. Bui was primarily responsible for the removal of this case to federal court, managing and developing the defense strategy, as well as for reviewing and refining the aforementioned filings. (Bui Decl. ¶ 2.) This efficient approach further demonstrates the reasonableness of the fee request.

Second, Eurofins DPT has supported this fee request with detailed invoices showing the time entries for which it seeks reimbursement. (Rutschman Decl. ¶ 4, Ex. A.) Courts have routinely held that "the items on a verified cost bill are prima facie evidence the costs, expenses and services listed were necessarily incurred." *Hadley v. Krepel*, 167 Cal. App. 3d 677, 682 (1985); *see also Horsford v. Bd. Of Trustees of Cal. State Univ.*, 132 Cal. App. 4th 359, 396 (2005) ("verified time statements of the attorneys, as officers of the court, are entitled to credence in the absence of a clear indication the records are erroneous.")

Third, the attorneys' fees incurred by Eurofins DPT were commensurate with Plaintiff's counsel's approach to this litigation and repeated efforts to maintain Plaintiff's lawsuit against the Unincorporated DPT Divisions without any basis to do so as detailed above. (Rutschman Decl. ¶ 5, Exs. B. – F.) Plaintiff "cannot litigate tenaciously and then be heard to complain about the time necessarily spent by the [opposing parties] in response." *Peak-Las Positas Partners v. Bollag*, 172 Cal. App. 4th 101, 114 (2009).

Finally, the requested amount of fees in this case only represents two-thirds (2/3) of the total amount of fees billed in connection with Defendants': (1) removal; (2) opposition to remand and appearance at the hearing on same; (3) motion to dismiss Plaintiff's FAC; (4) the instant Fees Motion; and (5) related meet and confer efforts given that this work was also performed on behalf of Eurofins DPT and Defendant Eurofins NSC, Inc. (who represent one-third of the named entity defendants).[3] (Rutschman Decl. ¶ 4, Ex. A.) Consequently, Eurofins DPT's request for **$49,786.69** in fees is a reduced figure (reduced from the $74,680.05 in total fees incurred for these tasks), is based on reasonable billing rates, and a reasonable amount of time spent securing the dismissal with prejudice of the Unincorporated DPT Divisions. Eurofins DPT should be awarded all of its fees and costs incurred in achieving dismissal of the Unincorporated DPT Divisions.

In addition, Plaintiff should be ordered to pay any fees incurred in connection with this Fee Motion, the reply in support of the Fee Motion, and the hearing on the Fee Motion, in an amount to be identified after the hearing on this Motion.

C. **Eurofins DPT's Costs Are Reasonable.**

Eurofins DPT also has incurred a total of **$1,167.43** in costs associated with securing the dismissal with prejudice of the Unincorporated DPT Divisions. (Rutschman Decl. ¶ 7, Ex. G.) These costs are expressly recoverable pursuant to Rule 54(d)(2).

///
///
///
///
///
///
///
///
///

---

[3] Pursuant to Local Rule 54-5, Defendants' counsel conferred with Plaintiff's counsel via video conference on July 12, 2022 to discuss and attempt to resolve any disputes related to this Motion. (*See* Rutschman Decl. ¶ 6.)

### V. CONCLUSION

Based on the foregoing, Defendant Eurofins DPT respectfully requests that this Court grant this Motion for attorney's fees and costs in the total amount of **$50,954.12**, plus the updated fees at the time of the hearing on this Motion, against Plaintiff Monette Rockymore and her counsel of record, Shegerian & Associates jointly and severally, and in favor of Eurofins DPT.

Dated: July 25, 2022                    CONSTANGY, BROOKS, SMITH & PROPHETE LLP

                                        By: */s/ Aaron M. Rutschman*
                                            Aaron M. Rutschman
                                            Attorneys for Defendants
                                            EUROFINS DONOR & PRODUCT TESTING, INC.
                                            AND EUROFINS NSC US, INC.