UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MONETTE ROCKYMORE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>EUROFINS DONOR & PRODUCT TESTING, INC., et al.,<br><br>　　　　Defendants. | Case No. 3:22-cv-00176-WHO<br><br>**ORDER DENYING MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Re: Dkt. No. 40 |

　　Defendant Eurofins Donor & Product Testing, Inc. ("Eurofins") seeks attorney's fees and costs from plaintiff Monette Rockymore. In addition to Eurofins, Rockymore named several unincorporated divisions of the company as defendants. In the midst of litigating numerous other issues spanning two motions and more than 100 pages of briefing, Eurofins argued in a few paragraphs of a motion to dismiss that those divisions were not proper defendants. In five sentences of a 13-page order, I agreed and dismissed them—moving swiftly on to the real issues in the case. Based on this, Eurofins seeks more than $50,000 in fees and costs because, it says, Rockymore's attempt to name those entities was frivolous. If anything, Eurofins's motion is closer to frivolity than Rockymore's faulty attempt at naming the right defendants. The hearing is VACATED, *see* Civ. L.R. 7-1(b), and the motion is DENIED for the reasons that follow.

　　Eurofins argues that it is entitled to attorney's fees under California's Fair Employment and Housing Act ("FEHA"), which permits a prevailing party to obtain fees when an "action was frivolous, unreasonable, or groundless when brought, or the plaintiff continued to litigate after it clearly became so." Cal. Gov't Code § 12965(c)(6).[1] Even assuming that what occurred in this

---

[1] To the extent that Eurofins seeks costs separately from the award of attorney's fees under FRCP 54 and not FEHA (which is unclear), it is premature because no judgment has been entered. *See* Fed. R. Civ. P. 54(d).

1  case counts as prevailing on a claim under the statute and that this is an appropriate posture to
2  raise the issue, it was not worthy of awarding fees (and certainly not awarding the staggering
3  $50,000 sought here).  The issue first arose in the context of a motion to remand.  The parties'
4  dispute was almost entirely about other things; the unincorporated divisions arose when I found
5  their citizenship irrelevant for diversity purposes because a "division of a corporation does not
6  possess the formal separateness upon which the general rule is based, and thus is not an
7  independent entity for jurisdictional purposes."  Dkt. No. 30 at 7 (quoting *Breitman v. May Co.
8  California*, 37 F.3d 562, 564 (9th Cir. 1994) (internal quotation marks and citation omitted)).  The
9  issue arose again—and this is the main trigger for this motion—in the context of Eurofins's
10 motion to dismiss.  To repeat, it argued in just a few paragraphs that these divisions were
11 improperly named as defendants and I agreed in an even curter fashion.  *See* Dkt. No. 33 at 11–12;
12 Dkt. No. 38 at 5.  Those motions ranged over many important issues; this was not among them.

   Rockymore's actions do not meet the high bar for attorney's fees.  The motion to remand only addressed whether the divisions' citizenship counted for diversity jurisdiction purposes, it did not address whether they were proper defendants.  The minor issue of their dismissal at the next phase was not in the face of any frivolous argument for keeping them in.  Indeed, Rockymore did not oppose dismissing them, she instead stated that she was "optimistic" it could be done through stipulation (which it ultimately was not).  Dkt. No. 37 at 7 n.1.  And even if fees and costs were warranted, it is absurd that Eurofins's counsel seek more than $50,000 or that they believe it is reasonable that this minuscule, discrete issue is worth two-thirds of what they have billed.  *See* Dkt. No. 40 at 16.  Even if fees were granted, they must be "attributable *exclusively* to a plaintiff's frivolous claims," not the suit more broadly.  *Harris v. Maricopa Cnty. Superior Ct.*, 631 F.3d 963, 971 (9th Cir. 2011) (internal quotation marks, citations, and some emphasis omitted).  Eurofins has wasted money and time with this motion; it is admonished to give more considered attention to its advocacy in the future.

**IT IS SO ORDERED.**

Dated: August 25, 2022



William H. Orrick
United States District Judge

2